# Exhibit A

Return Date: No return date scheduled
Hearing Date: 1/29/2019 10:00 AM - 10:00 AM
Courtroom Number: 2403
Location: District 1 Court
Cook County, IL

12-Person Jury

FILED
10/1/2018 10:21 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2018CH12302

FILED DATE: 10/1/2018 10:21 AM   2018CH12302

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| LENORA RICE, on behalf of herself and other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL BEVERAGE CORP.<br>d/b/a LaCROIX SPARKLING WATERS<br><br>Defendant. | Case No 2018CH12302<br><br>CLASS ACTION COMPLAINT FOR:<br><br>1. Violations Express Warranties;<br><br>2. Unjust Enrichment;<br><br>3. Violations of the Illinois Consumer Fraud Act.<br><br>JURY TRIAL DEMANDED |

Plaintiff Lenora Rice brings this class action complaint and demand for jury trial against Defendant National Beverage Corp. d/b/a LaCroix Sparkling Waters to stop their practice of mislabeling their signature product, LaCroix Water, as "all-natural." LaCroix Water is manufactured using non-natural flavorings and synthetic compounds, and Defendant continues to mislead consumers into believing that their product is natural when it is not. Plaintiff brings this action to obtain redress for all persons injured by Defendant's conduct. Plaintiff alleges as follows upon personal knowledge, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### NATURE OF THE ACTION

1. Defendant manufactures, markets, and sells the popular beverage LaCroix Sparkling water.

2. Defendant markets and labels its water as "all natural" and "100% natural."

3. Defendant's water is neither all natural or 100% natural.

4. In fact, Defendant's water contains chemical compounds that have been adjudged synthetic and/or artificial by the Food and Drug Administration.

5. Thousands of consumers purchase Defendant's water under the mistaken belief that it conforms with representations made by Defendant on LaCroix's packaging and advertisements, *i.e.* it is "all natural" and/or "100% natural."

6. Because LaCroix water is, in fact, composed of substances that are not "all natural" there are thousands of purchasers of Defendant's product—including Plaintiff and class members—who would not have purchased LaCroix water had they known Defendant's representations were false.

7. As a result, Plaintiff, on behalf of herself and the putative class, seeks an injunction requiring Defendants to cease the unlawful packaging of its products, and an award of damages to Plaintiff and the Class, together with costs and reasonable attorneys' fees.

## PARTIES

8. Plaintiff is a natural person and citizen of the State of Illinois.

9. Defendant National Beverage Corp.is a Florida-based beverage company that does business under the registered trade names "LaCroix Sparkling Waters," "LaCroix Water," and "LaCroix."

10. Defendant conducts business in Illinois and throughout the United States.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this action because Defendant conducts business transactions in Illinois and committed the tortious acts herein sued upon in Illinois.

2

12. Venue is proper in Cook County because Plaintiff resides in Cook County and Defendant conducts business transactions in Cook County.

## FACTUAL ALLEGATIONS

13. LaCroix is a popular sparkling water brand that Defendant sells to tens of thousands of Americans.

14. Much of LaCroix's popularity stems from the American consumer's perception that LaCroix water is "all natural," or otherwise comprised entirely of natural substances.

15. This perception is aggressively fostered by Defendant, who represents on the boxes of LaCroix water that it is "innocent" and "naturally essenced" and "all natural," as shown in the image below:



3

16. Defendant makes a similar representation on its website, where it claims that LaCroix water is "always 100% natural."[1]

17. Unfortunately for all parties involved, Defendant's representations regarding the naturalness of LaCroix water are false.

18. In fact, LaCroix contains, among other things,: ethyl butanoate, limonene, linalool and linalool propionate.

19. The above chemical compounds are synthetically created and added to consumable goods to make those goods taste or smell a certain way. For instance, limonene causes kidney toxicity and tumors; linalool is used as a cockroach insecticide; and linalool propionate is used to treat cancer.

20. The Food and Drug Administration has declared these synthetic compounds to be "synthetic."

21. Defendant is well-aware that LaCroix water contains these non-natural ingredients.

22. Defendant is also well-aware of the goodwill and positive image it receives from American consumers due to LaCroix's image as a "natural" drink product.

23. Defendant is well-aware that consumers purchase LaCroix based on the mistaken belief that it is "natural" and that consumers hold this belief because of Defendant's misleading packaging and advertising efforts.

24. Defendant makes a conscious choice to continue to mislead the American consumer by leaving its false representations on LaCroix's packaging.

---

[1] https://www.nationalbeverage.com/products/lacroix/ (last accessed September 7, 2018)

4

25. Defendant purposely makes these misleading representations as part of a scheme to induce American consumers into buying LaCroix products.

## PLAINTIFF LENORA RICE

26. Plaintiff Lenora Rice has purchased and drank LaCroix water since 2016.

27. Plaintiff Rice purchased LaCroix water because she believed that it was "all natural."

28. Plaintiff Rice's belief in the naturalness of LaCroix was created by the labeling on LaCroix's boxes that state it is "all natural."

29. Since discovering that LaCroix water is not natural, Plaintiff Rice has not purchased and avoided drinking LaCroix water.

30. Had Plaintiff Rice known that Defendant was misrepresenting the naturalness of LaCroix water on its packaging, she would have never purchased LaCroix water.

## CLASS ACTION ALLEGATIONS

31. **Class Definition:** Plaintiff Lenora Rice brings this action on behalf of herself and as a representative and member of the class defined as follows:

> **Class:** All individuals in Illinois who purchased LaCroix water in the last four years.

Excluded from the class are: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the class; (4) persons whose claims in this matter have

5

been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

32. **Numerosity:** The exact number of class members is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. Upon information and belief, Defendant has sold LaCroix water to thousands of consumers in Illinois.

33. **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiff and the putative class, and those questions predominate over any questions that may affect individual members of the class. Common questions for the class include, but are not necessarily limited to the following:

   (a) Whether the packaging of LaCroix water constitutes an express warranty between Defendant and class members;

   (b) Whether there is an implied warranty between Defendant and class members;

   (c) Whether LaCroix water is "natural";

   (d) Whether Defendant has breached the warranties it formed with class members;

   (e) Whether the packaging of LaCroix water is deceptive, and whether Defendant intended consumers to rely on that deception;

   (f) Whether class members are entitled to damages.

34. **Typicality:** Plaintiff's claims are typical of the claims of other members of the class in that Plaintiff and the class members sustained damages arising out of Defendants' uniform conduct of misrepresenting the ingredients in its LaCroix water product.

35. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the class, and has retained counsel competent and experienced in complex litigation and class actions. Plaintiff's claims are representative of the claims of the other members of the class. That is, Plaintiff and the class members sustained damages as a result of Defendant's uniform conduct. Plaintiff also has no interests antagonistic to those of the class, and Defendant has no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the class, and have the financial resources to do so. Neither Plaintiff nor her counsel have any interest adverse to the class.

36. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the class and making final class-wide injunctive relief appropriate. Defendant's practices apply to and affect the members of the class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the class to obtain effective relief from Defendant's

misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

37. Plaintiff reserves the right to revise the foregoing "Class Allegations" and "Class Definition" based on facts learned through additional investigation and in discovery.

## CAUSE OF ACTION I
### (Violation of Express Warranties)
### (on behalf of Plaintiff and the Class)

38. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

39. Through the uniform language Defendant's placed on the packaging of its LaCroix water products, Defendant formed an express warranty with Plaintiff and class members that their LaCroix water is "natural."

40. That warranty was patently false, and so Defendant violated the terms of its warranty with Plaintiff and class members.

41. Plaintiff and class members would not have purchased LaCroix water had they known that Defendant's warranty regarding the naturalness of LaCroix water was and is false.

## CAUSE OF ACTION II
### (Unjust Enrichment)
### (on behalf of Plaintiff and the Class)

42. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

43. Plaintiff and members of the class conferred a benefit on Defendant by purchasing LaCroix water.

8

44. Defendant's representations about the naturalness of LaCroix water enriched Defendant by increasing the sales of the water.

45. This increased revenue was made by virtue of Defendant's misrepresentation about the naturalness of its LaCroix water. Defendant sold its LaCroix water for more money that it otherwise could have, had it notified Plaintiff and class members that the water has artificial and synthetic ingredients.

46. Defendant's retention of these extra monies from Plaintiff and the class is unjust. By retaining these extra monies, Defendant has been unjustly enriched.

47. As a result, Plaintiff and class members remain damaged in an amount to be determined at trial.

## CAUSE OF ACTION III
### (Violation of 815 ILCS 505/1, *et seq.* – The Illinois Consumer Fraud Act)
### (on behalf of Plaintiff and the Class)

48. As alleged above, Defendant's conduct in this case was deceptive.

49. Defendant concealed from Plaintiff and class members that LaCroix water is composed of unnatural substances.

50. Defendants affirmatively represented to Plaintiff and class members that LaCroix water was "natural" even though it is not.

51. This misrepresentation was not inadvertent, it was intentional. And Defendant intended Plaintiff and class members to rely on the misrepresentation.

52. As pled above, the deception plainly occurred in the course of trade and commerce.

9

53. Class members suffered actual damages proximately caused by Defendant's fraud, in that they would not have purchased Defendant's product had they known of Defendant's misrepresentations.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff Lenora Rice, individually and on behalf of the class, prays for the following relief:

(a) An order certifying this case as a class action under Fed. R. Civ. P. 23(a) & (b)(2) and (b)(3), appointing Plaintiff Lenora Rice as Class Representative and her attorneys as Class Counsel;

(b) Enter a judgment in favor of Plaintiff and the proposed class for all damages available pursuant to the violations of law herein pled;

(c) An order declaring that Defendants' actions, as set out above, violate the law;

(d) An order requiring Defendants to disgorge any ill-gotten funds acquired as a result of their unlawful telephone calling practices;

(e) An injunction requiring Defendants to cease the unlawful activities herein pled;

(f) Award Plaintiff and the class all expenses of this action, and requiring Defendants to pay the costs and expenses of class notice and claims administration;

(g) An award of reasonable attorneys' fees; and

(h) Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues for which a jury trial is allowed.

FILED DATE: 10/1/2018 10:21 AM 2018CH12302

*Respectfully submitted:*

/s/ *William H. Beaumont*

William H. Beaumont
BEAUMONT COSTALES LLC
3151 W. 26th Street, Second Floor
Chicago, Illinois 60623
Telephone: (773) 831-8000
*Attorneys for Plaintiff Lenora Rice
and the Proposed Class*

11

Courtroom Number: No hearing scheduled
Location: No hearing scheduled

FILED
10/4/2018 11:47 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2018CH12302

FILED DATE: 10/4/2018 11:47 AM   2018CH12302

| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |

Summons - Alias Summons                                             (08/01/18) CCG 0001 A

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Lenora Rice

(Name all parties)

v.

NATIONAL BEVERAGE CORP.

Case No. 2018CH12302

☑ **SUMMONS**   ☐ **ALIAS SUMMONS**

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**

cookcountyclerkofcourt.org

Page 1 of 3

**Summons - Alias Summons** (08/01/18) CCG 0001 B

**E-filing is now mandatory for documents in civil cases with limited exemptions.** To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

10/4/2018 11:47 AM DOROTHY BROWN

Atty. No.: 61948

Atty Name: William H. Beaumont

Atty. for: Lenora Rice

Address: 3151 W 26th Street, Second Floor

City: Chicago

State: IL   Zip: 60623

Telephone: 773-831-8000

Primary Email: whb@beaumontcostales.com

Witness: _____

_____
DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person):

FILED DATE: 10/4/2018 11:47 AM  2018CH12302

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

- Richard J Daley Center
  50 W Washington
  Chicago, IL 60602

- District 2 - Skokie
  5600 Old Orchard Rd
  Skokie, IL 60077

- District 3 - Rolling Meadows
  2121 Euclid
  Rolling Meadows, IL 60008

- District 4 - Maywood
  1500 Maybrook Ave
  Maywood, IL 60153

- District 5 - Bridgeview
  10220 S 76th Ave
  Bridgeview, IL 60455

- District 6 - Markham
  16501 S Kedzie Pkwy
  Markham, IL 60428

- Domestic Violence Court
  555 W Harrison
  Chicago, IL 60607

- Juvenile Center Building
  2245 W Ogden Ave, Rm 13
  Chicago, IL 60602

- Criminal Court Building
  2650 S California Ave, Rm 526
  Chicago, IL 60608

### Daley Center Divisions/Departments

- Civil Division
  Richard J Daley Center
  50 W Washington, Rm 601
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ● Chancery Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Domestic Relations Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Civil Appeals
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Criminal Department
  Richard J Daley Center
  50 W Washington, Rm 1006
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- County Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Probate Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Law Division
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Traffic Division
  Richard J Daley Center
  50 W Washington, Lower Level
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm