**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LENORA RICE, on behalf of herself and other persons similarly situated, | |
| Plaintiff, | Case No. 1:18-cv-07151 |
| vs. | Honorable Joan B. Gottschall |
| NATIONAL BEVERAGE CORP. d/b/a LaCROIX SPARKLING WATERS, | Magistrate Judge Mary Rowland |
| Defendant. | |

## ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT

Defendant National Beverage Corp. ("National Beverage" or "Defendant"), by and through its undersigned counsel, hereby respectfully submits its Answer and Affirmative Defenses to the Class Action Complaint ("Complaint") of Plaintiff Lenora Rice ("Plaintiff") as follows:

## PRELIMINARY STATEMENT

National Beverage, through its wholly owned subsidiaries, has developed, marketed, and sold LaCroix sparkling water as healthier beverages to provide consumers with a far better-for-you choice that makes claims to be healthier for consumers than typical carbonated soft drinks.

This action is nothing more than a vicious attack on National Beverage and its brand LaCroix: premeditated in form as to destroy the reputation of LaCroix sparkling water in the minds of consumers. Furthermore, a defamatory press release was simultaneously issued designed to inflict maximum damage to brand LaCroix, National Beverage and its shareholders. For this reason and due to the confirmation by an accredited independent laboratory's testing, the allegations within this Complaint are confirmed to be false and devoid of merit.

National Beverage maintains this action was brought in bad faith for the ultimate purpose of damaging National Beverage, attempting to destroy brand LaCroix and to create substantial economic damage to the shareholders of National Beverage. While National Beverage categorically denies the allegations in the Complaint, as anticipated by the procedural rules, it provides paragraph by paragraph responses to this bad faith lawsuit in the following section of this Answer.

## ANSWER

To the extent a response is required to the outlandish introduction from Plaintiff and her counsel, which is utterly devoid of fact and, in any other context would plainly be defamatory, Defendant denies the allegations. The only parties injured here are National Beverage and its shareholders, who have suffered significant damage, including to their goodwill and reputation, as a result of the reckless and meritless allegations being hurled at the company in this lawsuit, in press releases, and in other publicly made statements by Plaintiff and her counsel. Moreover, Plaintiff has not suffered (and Plaintiff has never suffered) any harm from consuming LaCroix sparkling water. Contrary to the allegations in the Complaint, Plaintiff and her counsel have no personal or firsthand knowledge of how LaCroix sparkling water is created and similarly have no knowledge or information about the ingredients in LaCroix sparkling water. Further, Plaintiff and her counsel did not attempt to test or confirm the allegations within the Complaint. National Beverage properly labels LaCroix sparkling water, and LaCroix sparkling water is created from natural ingredients. National Beverage presents this Answer, denying the baseless allegations in the Complaint, and welcomes the opportunity to defend itself in Court and in the public so that consumers can learn firsthand that the allegations in the Complaint are wholly devoid of fact, and

the statements made outside this litigation in press releases and other similar forums also are false, defamatory, and made with orchestrated and reckless disregard for the truth.

1.     National Beverage states that is a holding company that owns various subsidiaries, including LaCroix Beverages, Inc.  Certain subsidiaries of National Beverage produce, market, and sell LaCroix sparkling water.  Except as expressly stated herein, National Beverage denies the allegations in paragraph 1 of the Complaint.

2.     National Beverage states that certain subsidiaries of National Beverage have included a designation on certain cans, packaging, and other marketing materials that LaCroix sparkling water is "all natural" and "100% natural."  National Beverage further states that LaCroix sparkling water in fact is "all natural" and "100% natural" as represented by certain subsidiaries of National Beverage.  Except as expressly stated herein, National Beverage denies the allegations in paragraph 2 of the Complaint.

3.     National Beverage denies the allegations in paragraph 3 of the Complaint. Answering further, National Beverage states that National Beverage employs a tightly controlled, rigorous product development process that involves highly experienced professional personnel, including highly accredited individuals.  The product development staff works closely with third parties and suppliers to create LaCroix products.  Adherence to the high quality control standards is one of the factors that have propelled LaCroix to lead the sparkling water category.  LaCroix embraces its mission to convert multiple generations to life-long consumers of healthy-hydration beverages.

Every ingredient in LaCroix sparkling water is certified by a third party as natural and no synthetic ingredients are added as part of the product development process.  Once a LaCroix theme is introduced to the marketplace, each and every ingredient received in manufacturing

3

plants are accompanied with a Certificate of Analysis ("COA"). Part of the COA is a recertification that the specific ingredient being delivered is natural and not synthetic.

National Beverage has commissioned testing of its products by an independent third party laboratory accredited under the strict standards set by the International Standards Organization. This testing, performed under the rigorous standards of the American Society for Testing and Materials, conclusively demonstrates that no traces of artificial or synthetic ingredients are part of LaCroix products.

4.     Paragraph 4 of the Complaint alleges legal conclusions, to which no answer is required. To the extent that an answer may be required, National Beverage denies the allegations in paragraph 4 of the Complaint, and vehemently denies that LaCroix sparkling water contains "synthetic and/or artificial" ingredients or chemical compounds or that the Food and Drug Administration has adjudged the compounds identified in the Complaint as "synthetic and/or artificial" whenever they may appear as an ingredient in a product. Answering further, National Beverage states that although certain ingredients contained in LaCroix sparkling water are available in both synthetic and natural forms, LaCroix uses only the all-natural forms of these ingredients.

5.     National Beverage denies the allegations in paragraph 5 of the Complaint.

6.     National Beverage denies the allegations in paragraph 6 of the Complaint. Answering further, National Beverage denies that this action may properly be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure and further denies that a class may properly be certified herein.

7.     Paragraph 7 of the Complaint alleges legal conclusions, to which no answer is required. To the extent that an answer may be required, National Beverage states that Plaintiff

purports to seek an injunction, on behalf of herself and a putative class of persons in Illinois who purchased LaCroix sparkling water in the last four years, but otherwise denies the allegations contained in paragraph 7 of the Complaint, and specifically denies that this action may be properly maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, denies that a class may properly be certified herein, and denies that Plaintiff or the putative class has a cognizable claim against National Beverage or is entitled to any of the relief sought in the Complaint.

8.      National Beverage lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint, and therefore denies those allegations.

9.      National Beverage states that it is a Delaware corporation and that its principal executive offices are located at 8100 SW Tenth Street, Suite 4000, Fort Lauderdale, Florida 33324.  National Beverage further states that "LaCroix" is a brand within National Beverage's portfolio of sparkling water products.  Except as expressly stated herein, National Beverage denies the allegations in paragraph 9 of the Complaint.

10.     National Beverage states that certain subsidiaries of National Beverage sell products in the United States, including the State of Illinois.  Except as expressly stated herein, National Beverage denies the allegations in paragraph 10 of the Complaint.

11.     Paragraph 11 of the Complaint alleges legal conclusions, to which no answer is required.  To the extent that an answer may be required, National Beverage states that certain subsidiaries of National Beverage sell LaCroix sparkling water to retailers and other third parties that distribute LaCroix sparkling water in the State of Illinois.  Except as expressly stated herein, National Beverage denies the allegations in paragraph 11 of the Complaint, and specifically

5

denies that any acts or events have occurred in the State of Illinois (or elsewhere) giving rise to a claim against it by Plaintiff.

12. Paragraph 12 of the Complaint alleges legal conclusions, to which no answer is required. To the extent that an answer may be required, National Beverage states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 12 of the Complaint that "Plaintiff resides in Cook County," and therefore denies that allegation. Answering further, National Beverage states that certain subsidiaries of National Beverage sell LaCroix sparkling water to retailers and other third parties that distribute LaCroix sparkling water into Cook County, Illinois, and that consumers purchase LaCroix sparkling water in Cook County, Illinois. Except as expressly stated herein, National Beverage denies the allegations in paragraph 12 of the Complaint.

13. National Beverage states that "LaCroix" is a brand within National Beverage's portfolio of sparkling water products that is sold in the United States. Answering further, National Beverage states that LaCroix sparkling water has been sold to tens of thousands of consumers in the United States. Except as expressly stated herein, National Beverage denies the allegations in paragraph 13 of the Complaint.

14. National Beverage states that certain subsidiaries of National Beverage have marketed and sold LaCroix sparkling water as "all natural," and that LaCroix sparkling water in fact is and has been throughout the relevant time period "all natural," comprised entirely of natural substances. Except as expressly stated herein, National Beverage denies the allegations in paragraph 14 of the Complaint.

15. National Beverage states that certain subsidiaries of National Beverage market and sell LaCroix sparkling water as "innocent" and "naturally essenced," and have marketed

LaCroix as "all natural," and that such representations appear or have appeared on packaging materials for LaCroix sparkling water. National Beverage further states that to the extent the allegations of paragraph 15 purport to characterize or describe the image appearing in paragraph 15, the image speaks for itself and National Beverage denies the allegations in paragraph 15 of the Complaint to the extent that they are inconsistent with that image. Except as expressly stated herein, National Beverage denies the allegations in paragraph 15 of the Complaint.

16. National Beverage denies the allegations in paragraph 16 of the Complaint.

17. National Beverage denies the allegations in paragraph 17 of the Complaint.

18. National Beverage states that because certain of the substances mentioned in paragraph 18 of the Complaint naturally occur in fruits and plants, such as strawberries, pineapples, oranges, apples, limes, apricots, bananas, plums, tangerines, blueberries, sage, lavender, and ginger, trace amounts of certain of these natural substances may also be found in certain LaCroix products. All flavors of LaCroix sparkling water contain only natural ingredients. Except as expressly stated herein, National Beverage denies the allegations in paragraph 18 of the Complaint, and specifically denies that LaCroix sparkling water contains synthetic or artificial ingredients.

19. National Beverage lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint, and therefore denies those allegations, and specifically denies that any compound or ingredient contained in LaCroix sparkling water is "synthetically created."

20. Paragraph 20 of the Complaint alleges legal conclusions, to which no answer is required. To the extent that an answer may be required, National Beverage denies the allegations

7

in paragraph 20 of the Complaint, and specifically denies that the Food and Drug Administration has declared any ingredient of LaCroix sparkling water to be "synthetic."

21.     National Beverage denies the allegations in paragraph 21 of the Complaint.

22.     National Beverage states that it has received significant and highly valuable goodwill and positive image with respect to its LaCroix sparkling water brand, and that the allegations in the Complaint have caused significant damage to that goodwill and positive image. Except as expressly stated herein, National Beverage denies the allegations in paragraph 22 of the Complaint.

23.     National Beverage denies the allegations in paragraph 23 of the Complaint.

24.     National Beverage denies the allegations in paragraph 24 of the Complaint.

25.     National Beverage denies the allegations in paragraph 25 of the Complaint.

26.     National Beverage lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint, and therefore denies those allegations.

27.     National Beverage lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint, and therefore denies those allegations.

28.     National Beverage lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint, and therefore denies those allegations.

29.     National Beverage lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint, and therefore denies those allegations.

30.     National Beverage lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint, and therefore denies those allegations.

31.     National Beverage states that Plaintiff purports to bring this action on behalf of herself and a putative class of persons in Illinois who purchased LaCroix sparkling water in the last four years, and excludes from the putative class the persons identified in paragraph 31 of the Complaint.  National Beverage denies that this action may properly be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure and further denies that a class may properly be certified herein.   To the extent paragraph 31 of the Complaint alleges legal conclusions, no answer is required.  To the extent that an answer is required, National Beverage expressly denies the allegations in paragraph 31 of the Complaint.

32.     National Beverage states that the exact number of class members is unknown and not available to Plaintiff.  Answering further, National Beverage believes LaCroix sparkling water has been purchased by more than 1,000 consumers in the State of Illinois.  National Beverage denies that this action may properly be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure and further denies that a class may properly be certified herein.  To the extent paragraph 32 of the Complaint alleges legal conclusions, no answer is required.  To the extent that an answer is required, National Beverage expressly denies the allegations in paragraph 32 of the Complaint.

33.     Paragraph 33 of the Complaint alleges legal conclusions, to which no answer is required.  To the extent that an answer may be required, National Beverage denies the allegations in paragraph 33 of the Complaint.  Answering further, National Beverage denies that this action

may properly be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure and further denies that a class may properly be certified herein.

34.     Paragraph 34 of the Complaint alleges legal conclusions, to which no answer is required.  To the extent that an answer may be required, National Beverage vehemently denies misrepresenting the ingredients in LaCroix sparkling water.  In fact, National Beverage expressly denies all of the allegations in paragraph 34 of the Complaint.  Answering further, National Beverage denies that this action may properly be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure and further denies that a class may properly be certified herein.

35.     Paragraph 35 of the Complaint alleges legal conclusions, to which no answer is required.  To the extent that an answer may be required, National Beverage states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the commitment of Plaintiff and her counsel, and therefore denies such allegations.  Answering further, National Beverage denies that Plaintiff or the putative class has sustained damages as a result of National Beverage's conduct, denies that this action may properly be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and denies that a class may properly be certified herein.

36.     Paragraph 36 of the Complaint alleges legal conclusions, to which no answer is required.  To the extent that an answer may be required, National Beverage denies the allegations in paragraph 36 of the Complaint.  Answering further, National Beverage denies that this action may properly be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure and further denies that a class may properly be certified herein.

37.     National Beverage states that Plaintiff purports to reserve the right to revise the "Class Allegations" and "Class Definition" contained in the Complaint based on facts learned through additional investigation and in discovery.  To the extent paragraph 37 of the Complaint alleges legal conclusions, no answer is required.  To the extent that an answer is required, National Beverage denies such allegations, and specifically denies that this action may properly be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure and further denies that a class may properly be certified herein.  To the extent paragraph 37 of the Complaint alleges legal conclusions, no answer is required.  To the extent that an answer is required, National Beverage expressly denies the allegations in paragraph 37 of the Complaint.

38.     National Beverage restates and incorporates its answers to paragraphs 1 through 37 of the Complaint as if expressly set forth herein.

39.     Paragraph 39 of the Complaint alleges legal conclusions, to which no answer is required.  To the extent that an answer may be required, National Beverage denies the allegations in paragraph 39 of the Complaint.  Answering further, National Beverage denies that this action may properly be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure and further denies that a class may properly be certified herein.

40.     Paragraph 40 of the Complaint alleges legal conclusions, to which no answer is required.  To the extent that an answer may be required, National Beverage denies the allegations in paragraph 40 of the Complaint.  Answering further, National Beverage denies that this action may properly be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure and further denies that a class may properly be certified herein.

41.     National Beverage lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Complaint, and therefore denies those

allegations. Answering further, National Beverage denies that its representations regarding the "naturalness" of LaCroix sparkling water "was and is false," denies that this action may properly be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and denies that a class may properly be certified herein.

42.     National Beverage restates and incorporates its answers to paragraphs 1 through 41 of the Complaint as if expressly set forth herein.

43.     Paragraph 43 of the Complaint alleges legal conclusions, to which no answer is required. To the extent that an answer may be required, National Beverage denies the allegations in paragraph 43 of the Complaint. Answering further, National Beverage denies that this action may properly be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure and further denies that a class may properly be certified herein.

44.     Paragraph 44 of the Complaint alleges legal conclusions, to which no answer is required. To the extent that an answer may be required, National Beverage denies the allegations in paragraph 44 of the Complaint.

45.     National Beverage denies the allegations in paragraph 45 of the Complaint. Answering further, National Beverage denies that this action may properly be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure and further denies that a class may properly be certified herein.

46.     Paragraph 46 of the Complaint alleges legal conclusions, to which no answer is required. To the extent that an answer may be required, National Beverage denies the allegations in paragraph 46 of the Complaint. Answering further, National Beverage denies that this action may properly be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure and further denies that a class may properly be certified herein.

47.     Paragraph 47 of the Complaint alleges legal conclusions, to which no answer is required.  To the extent that an answer may be required, National Beverage denies the allegations in paragraph 47 of the Complaint.  Answering further, National Beverage denies that this action may properly be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure and further denies that a class may properly be certified herein.

48.     Paragraph 48 of the Complaint alleges legal conclusions, to which no answer is required.  To the extent that an answer may be required, National Beverage vehemently denies engaging in deceptive conduct.  In fact, National Beverage expressly denies all of the allegations in paragraph 48 of the Complaint.

49.     National Beverage denies the allegations in paragraph 49 of the Complaint. Answering further, National Beverage denies that this action may properly be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure and further denies that a class may properly be certified herein.

50.     National Beverage denies the allegations in paragraph 50 of the Complaint. Answering further, National Beverage denies that this action may properly be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure and further denies that a class may properly be certified herein.

51.     Paragraph 51 of the Complaint alleges legal conclusions, to which no answer is required.  To the extent that an answer may be required, National Beverage vehemently denies misrepresenting LaCroix sparkling water, intentionally, inadvertently, or otherwise.  In fact, National Beverage expressly denies all of the allegations in paragraph 51 of the Complaint. Answering further, National Beverage denies that this action may properly be maintained as a

class action under Rule 23 of the Federal Rules of Civil Procedure and further denies that a class may properly be certified herein.

52.     Paragraph 52 of the Complaint alleges legal conclusions, to which no answer is required.  To the extent that an answer may be required, National Beverage vehemently denies engaging in deceptive practices with regard to LaCroix sparkling water. In fact, National Beverage expressly denies all of the allegations in paragraph 52 of the Complaint.

53.     Paragraph 53 of the Complaint alleges legal conclusions, to which no answer is required.  To the extent that an answer may be required, National Beverage vehemently denies misrepresenting LaCroix sparkling water, intentionally, inadvertently, or otherwise.  In fact, National Beverage expressly denies the allegations in paragraph 53 of the Complaint. Answering further, National Beverage denies that this action may properly be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure and further denies that a class may properly be certified herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted against National Beverage.

### SECOND AFFIRMATIVE DEFENSE
(Lack of Standing)

Plaintiff and some or all of the alleged members of the putative class Plaintiff purports to represent lack standing: (1) to assert their claims because they have suffered no legally cognizable injury; (2) to seek injunctive relief, in that they are now aware of what they contend to be the purported "facts," and thus could suffer no future harm as a result of the purported conduct by National Beverage alleged in the Complaint; and (3) to allege claims with respect to varieties of LaCroix sparkling water which they did not purchase.

### THIRD AFFIRMATIVE DEFENSE
(Laches, Waiver, Estoppel, Unclean Hands, Ratification, Disclosure and/or Consent)

The claims alleged in the Complaint are barred, in whole or in part, by the doctrines of laches, waiver, estoppel, unclean hands, ratification, disclosure, and/or consent .

### FOURTH AFFIRMATIVE DEFENSE
(Lack of Privity of Contract)

National Beverage is not in contractual privity with Plaintiff or the putative class members.  As a result, Plaintiff's (and the putative class members') purported claims for breach of warranty are barred.

### FIFTH AFFIRMATIVE DEFENSE
(Set-Off)

Plaintiff's claims, and those of the alleged members of the putative class Plaintiff purports to represent, are barred, in whole or in part, because those claims are subject to set-off for the value of the benefits that Plaintiff and the putative class members received.

### SIXTH AFFIRMATIVE DEFENSE
(Statute of Limitations)

The claims alleged in the Complaint are barred, in whole or in part, by the applicable statutes of limitation.

### SEVENTH AFFIRMATIVE DEFENSE
(Failure to Give Notice)

To the extent that Plaintiff does not bear the burden of proving adequate notice of breach of warranty under applicable law, the breach of warranty claim alleged in the Complaint is barred, in whole or in part, by the failure to provide such notice.

### EIGHTH AFFIRMATIVE DEFENSE
(Failure to Mitigate)

Plaintiff's claims, and those of the alleged members of the putative class Plaintiff purports to represent, are barred, in whole or in part, by their failure to mitigate the damages alleged in the Complaint.

### NINTH AFFIRMATIVE DEFENSE
(Reservation of Right to Assert Additional Affirmative Defenses)

National Beverage may have other affirmative defenses in addition to the defenses asserted herein and hereby reserves the right to assert such defenses in a timely fashion after the facts to support such defenses become known to National Beverage.

16

## **PRAYER FOR RELIEF**

WHEREFORE, National Beverage prays:

(1) that judgment dismissing this action be entered in favor of National Beverage;

(2) that Plaintiff takes nothing by this action;

(3) that the Court award National Beverage its costs and expenses, including attorneys' fees; and

(4) that the Court award National Beverage such other and further relief that the Court deems just and proper.

Dated: November 14, 2018                    Respectfully submitted,

                                                                 National Beverage Corp.

                                                                 By:    /s/ Desiree F. Moore
                                                                         One of Its Attorneys

                                                                 Desiree F. Moore
                                                                 Matthew A. Alvis
                                                                 **K&L GATES LLP**
                                                                 70 West Madison Street, Suite 3300
                                                                 Chicago, Illinois 60602-4207
                                                                 Telephone: (312) 372-1121
                                                                 Facsimile: (312) 827-8000
                                                                 desiree.moore@klgates.com
                                                                 matthew.alvis@klgates.com

                                                                 Matthew G. Ball (*pro hac vice*)
                                                                 **K&L GATES LLP**
                                                                 4 Embarcadero Center, Suite 1200
                                                                 San Francisco, California 94111
                                                                 Telephone: (415) 882-8200
                                                                 Facsimile: (415) 882-8220
                                                                 E-mail: matthew.ball@klgates.com

                                                                 April Boyer (*pro hac vice*)
                                                                 **K&L GATES LLP**
                                                                 Southeast Financial Center, Suite 3900
                                                                 200 South Biscayne Boulevard
                                                                 Miami, FL 33131

Telephone: (305) 539-3300
Facsimile: (305) 358-7095
E-mail: april.boyer@klgates.com

*Attorneys for National Beverage Corp.*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on November 14, 2018, the foregoing was filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

William H. Beaumont
Roberto L. Costales
Jonathan M. Kirkland
BEAUMONT COSTALES LLC
3151 West 26th Street, Second Floor
Chicago, Illinois 60623
Telephone: (773) 831-8000

*Attorneys for Plaintiff*

/s/      Desiree F. Moore
           Desiree F. Moore