**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LENORA RICE, on behalf of herself and other persons similarly situated, | |
| Plaintiff, | Case No. 1:18-cv-07151 |
| vs. | Honorable Martha M. Pacold |
| NATIONAL BEVERAGE CORP. d/b/a LaCROIX SPARKLING WATERS, | Magistrate Judge Sheila M. Finnegan |
| Defendant. | |

**JOINT STATUS REPORT REGARDING
DEFENDANT'S REQUEST FOR ADMISSION NO. 4**

Plaintiff Lenora Rice ("Plaintiff") and Defendant National Beverage Corp. ("Defendant"), by and through their respective undersigned counsel, jointly submit this status report pursuant to the Court's minute entry dated December 16, 2019 (ECF No. 113), and notify the Court, as follows:

**I. Factual Background**

1. On March 13, 2019, Defendant served its First Set of Requests for Admission. (*See* Exhibit A.) Request for Admission No. 4 asked Plaintiff to "[a]dmit that ethyl butanoate, limonene, linalool, and linalool propionate can occur naturally and be derived from certain fruits and plants." (*Id.* at p. 6.)

2. On April 26, 2019, Plaintiff served its Responses to Defendant's First Set of Requests for Admission. (*See* Exhibit B.) In response to Request for Admission No. 4, Plaintiff stated:

> Plaintiff objects to this Request as irrelevant, vague and ambiguous. Whether the above-listed chemicals *can* occur naturally is not at issue. Nowhere in this request is LaCroix sparkling water mentioned in relation to these chemicals. Plaintiff

further objects as vague and ambiguous as it is unclear what is meant by derived. Subject to these objections, denied as written.

(Exhibit B at p. 2.)

3. On May 1, 2019, the Parties' counsel conferred to discuss, among other things, Plaintiff's response to Request for Admission No. 4. The Parties were unable to reach an agreement.

4. On August 9, 2019, Defendant filed a Motion to Compel, seeking to compel Plaintiff to better and more directly respond to Request for Admission No. 4, among others. (ECF Nos. 70, 72.)

5. On August 23, 2019, the Court directed the Parties to meet and confer in an effort to resolve and/or narrow the issues raised in Defendant's Motion to Compel. (ECF No. 85.)

6. On September 4, 2019, the Parties again conferred. From Defendant's perspective, counsel for Plaintiff represented that Plaintiff would admit Request for Admission No. 4 if rephrased. Specifically, counsel for Plaintiff represented that if the request omitted the phrase ". . . and be derived from certain fruits and plants," Plaintiff would admit the Request. From Plaintiff's perspective, during the parties' conference Plaintiff expressed skepticism that the admission could be admitted as written and proposed that Defendant rephrase the admission. Via email following the September 4 conference counsel for Defendant indicated "we are looking at RFA 4 (regarding "natural" and "derived from") and will get back to you on the wording of that shortly."

7. On September 13, 2019, Defendant served its Amended Request for Admission No. 4 asking Plaintiff to "[a]dmit that ethyl butanoate, limonene, linalool, linalool propionate, and ethanol can occur naturally." (*See* Exhibit C at p. 5.)

8. On October 9, 2019, the Court held a hearing on Defendant's August 9 Motion to Compel. During that hearing, the Court denied, as moot, Defendant's Motion to Compel as to

Request for Admission No. 4, noting Plaintiff's prior agreement to admit that request. (ECF No. 95.)

9.      On October 28, 2019, Plaintiff served its response to Defendant's Amended Request for Admission No. 4, equivocally stating: "Plaintiff objects insofar as the term naturally is not defined. Subject to this objection, admitted." (*See* Exhibit D at p. 2.)

10.     On the same day, the Parties appeared before the Court for a further hearing on Defendant's August 9 Motion to Compel. During that hearing, counsel for Defendant raised the inadequacy of Plaintiff's response to Amended Request for Admission No. 4. (ECF No. 100.) The Court ordered the Parties to continue to confer in an effort to reach an agreement on the Request. (*Id.*) From Defendant's perspective, the Court also indicated that counsel for Plaintiff, not Defendant, should clarify what definition it would apply to the term "natural" and then admit the Amended Request for Admission No. 4 on that basis. From Plaintiff's perspective, the Court indicated that the parties should jointly confer regarding what definition they would apply to the term "natural."

11.     On November 4, 2019, counsel for Defendant sent an email to counsel for Plaintiff inquiring as to when Defendant would receive Plaintiff's updated response to Amended Request for Admission No. 4, per the Court's guidance. Hearing nothing, on November 18, 2019, counsel for Defendant sent another email to counsel for Plaintiff, again inquiring when Plaintiff would further respond to Amended Request for Admission No. 4.

12.     On December 2, 2019, counsel for Defendant sent counsel for Plaintiff a letter further requesting that Plaintiff amend its response to Amended Request for Admission No. 4. This was Defendant's third follow-up communication on this matter.

13.     On December 3, 2019, counsel for Plaintiff informed counsel for Defendant that Plaintiff would provide an amended response to Amended Request for Admission No. 4 on or before December 10, 2019 – approximately nine months after the initial Requests for Admission were served.

14.     On December 11, 2019, Plaintiff served her Amended Response to Defendant's Amended Request for Admission No. 4, now stating:

> Using the definition of "natural" found in Defendant's briefs, see e.g., Dkt. 33 at ¶ 15, Plaintiff admits that these substances can occur where they are not derived from petrochemicals. However, under the legal definition of the word, Plaintiff denies that these substances occur "naturally" in Defendant's LaCroix, because (i) they are generated via highly industrialized processes divorced from nature and not within the expectation of a reasonable consumer and (ii) because they have been characterized as "synthetic" by the Food and Drug Administration. To the extent that Defendant is requesting that Plaintiff admit or deny whether these substances can occur "naturally" outside of the context of this lawsuit, Plaintiff would object on the grounds of irrelevance.

(Exhibit E at pp. 1-2.)

15.     On December 16, 2019, the Parties appeared before the Court for a status hearing and reported that the Parties remain at odds regarding the adequacy of Plaintiff's response to Defendant's Amended Request for Admission No. 4.  (*See* ECF. No. 113.)  To facilitate a ruling at the next status hearing, the Court ordered the Parties to file a joint status report attaching all versions of Request for Admission No. 4 and Plaintiff's response thereto, and setting forth the Parties' respective positions regarding the adequacy/inadequacy of Plaintiff's current response. (*See id.*)

## II.     <u>Defendant's Position</u>

16.     Despite multiple efforts over the course of ten months, Plaintiff has provided unreasonably evasive, overly argumentative and unresponsive answers to a simple (albeit important) Request for Admission.  Indeed, Plaintiff's responses have become increasingly hyper-

technical, ambiguous and confusing, and have strayed further from an admission despite Plaintiff's representations to the contrary.

17.     Defendant has narrowly requested that Plaintiff either admit or deny that the five at-issue ingredients, *i.e.*, ethyl butanoate, limonene, linalool, linalool propionate, and ethanol, can occur naturally. Period. Rather than admitting or denying the request as written, Plaintiff effectively responds to an entirely different request, stating that she "admits that these substances can occur [sic] where they are not derived from petrochemicals," but "denies that these substances occur 'naturally' in Defendant's LaCroix."

18.     Said differently, the bases for Plaintiff's denial include a wholly unsubstantiated allegation of fact beyond the request and a mischaracterization of regulations established by the Food and Drug Administration (the "FDA").[1] Indeed, Plaintiff has proffered no evidence – and there is no evidence – that any ingredient in LaCroix sparkling water is "generated via highly industrialized processes divorced from nature," such that the ingredient is rendered "synthetic," "artificial," or otherwise not "natural," as Plaintiff alleges in her Class Action Complaint. This is pure fiction, invented by Plaintiff. Indeed, FDA regulations permit companies that obtain and use an ingredient from a third-party supplier to rely upon the supplier's certification that the ingredient does not contain any artificial flavor. *See* 21 C.F.R. § 101.22(i)(4) ("A flavor supplier shall certify, in writing, that any flavor he supplies which is designated as containing no artificial flavor does not, to the best of his knowledge and belief, contain any artificial flavor, and that he has added no

---

[1]     In her response, Plaintiff refers to the purported "legal definition" of the term "natural," but fails to recite such definition or provide any citation to where the definition may be found – because it cannot. Plaintiff's attempt to rely on any "legal definition" of the term is belied by the fact that the FDA, itself, ". . . has not engaged in rulemaking to establish a formal definition for the term 'natural.'" *Use of the Term Natural on Food Labeling*, U.S. FOOD & DRUG ADMIN., https://www.fda.gov/food/food-labeling-nutrition/use-term-natural-food-labeling (last visited January 21, 2020).

artificial flavor to it. . . . A flavor user shall be required to make such a written certification only where he adds to or combines another flavor with a flavor which has been certified by a flavor supplier as containing no artificial flavor, ***but otherwise such user may rely upon the supplier's certification and need make no separate certification***.") (emphasis supplied).

19. National Beverage has received such a certification from its supplier and justifiably and lawfully relied upon that certification. This is the only evidence adduced in this case. Nor has Plaintiff provided any support for her oft-repeated contention that the FDA has characterized the at-issue ingredients as synthetic. In fact, there is no law, rule, regulation or statute that defines or characterizes any of the at-issue ingredients as necessarily synthetic. Moreover, contrary to Plaintiff's entire theory of the case and publicized statements to the media, a corporate representative for Impact Analytical testified that the testing it performed could not, by its nature, determine whether any ingredient in the sample of LaCroix sparkling water it analyzed was synthetic or highly processed. (*See* Excerpts of Chapman Dep. Tr., 65:15-68:20, Oct. 29, 2019, attached hereto as Exhibit F.)

20. Whether the ingredients identified by Plaintiff as synthetic can in fact occur naturally is the central issue in this case. As Plaintiff has purposely failed for a third time to provide a directly responsive, non-evasive answer to Request for Admission No. 4 (and Amended Request for Admission No. 4), the Request should be deemed admitted. *See Asea, Inc. v. Southern Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981) ("an evasive denial . . . may be deemed an admission"); *see also Harry and David v. Pathak*, Civ. No. 09–3013–CL, 2010 WL 3154589, at *1 (D. Oregon Aug. 6, 2010) (striking "evasive responses" to requests for admission and deeming the requests admitted); *A. Farber & Partners, Inc. v. Garber*, 237 F.R.D. 250, 256-58 (C.D. Cal. 2006) (deeming requests for admission admitted when responding party gave evasive answers);

*Havenfield Corp. v. H & R Block, Inc.*, 67 F.R.D. 93, 97 (W.D. Mo. 1973) (deeming requests for admission admitted when responding party's answers were evasive); *Vickers v. Thompson*, No. 1:15-cv-00129-SAB (PC), 2017 WL 3782874, at *4 (E.D. Cal. Aug. 31, 2017) (acknowledging that the court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response") (quoting FED. R. CIV. P. 37(a)(4)).

### III.   <u>Plaintiff's Position</u>

Plaintiff has admitted Defendant's request twice. Defendant objects to the qualifying language surrounding Plaintiff's admission. Plaintiff includes this qualifying language because the admission includes the term "natural"—a term whose definition is at issue in this case—and also because Defendant's request could be interpreted as going to the ultimate question in this matter *i.e.* whether the ingredients in LaCroix are "natural." Given these factors, "it is not unreasonable that a request will elicit an admission with some additional language…[because] the request touches upon the core of the dispute[.]" *Meheta v. Baxter Travenol Labs.*, No. 87 C 6384, 1988 WL 71236, at *1 (N.D. Ill. June 28, 1988) ("The defendant has not eluded the plaintiff's request for clearly the defendant has admitted the request. But the defendant has gone ahead to place that admission within the contextual dispute evolving from the contract. This response, therefore, is an attempt to preserve defendant's defenses to the contract claims and to preclude numerous broad implications that may be raised if such qualifying language were not added.") *See also* Loudermilk v. Best Pallet Co., LLC, No. 08 C 06869, 2009 WL 3272429, at *2 (N.D. Ill. Oct. 8, 2009) ("Qualifying an admission may be necessary where improper inferences may be drawn from the admission."); *Climco Coils Co. v. Siemens Energy & Automation, Inc*., No. 04 C 50342, 2006 WL 850969, at *1 (N.D. Ill. Mar. 28, 2006) (same).

Plaintiff's response is not insufficient or evasive. Because of the nature of Defendant's request, Plaintiff should be allowed to serve a response that includes qualifying language.

Dated: January 23, 2020

Respectfully submitted,

Plaintiff Lenora Rice                          Defendant National Beverage Corp.


By:     */s/ Roberto L Costales*             By:     */s/ Desiree F. Moore*
        Roberto L. Costales                          Desiree F. Moore

William H. Beaumont                          Desiree F. Moore
Roberto L. Costales                          Matthew A. Alvis
Jonathan M. Kirkland                         **K&L GATES LLP**
**BEAUMONT COSTALES LLC**                    70 West Madison Street, Suite 3300
107 West Van Buren, #209                     Chicago, Illinois 60602-4207
Chicago, Illinois 60605                      Telephone: (312) 372-1121
Telephone: (773) 831-8000                    Facsimile: (312) 827-8000
E-mail: whb@beaumontcostales.com             E-mail: desiree.moore@klgates.com
        rlc@beaumontcostales.com                     matthew.alvis@klgates.com
        jmk@beaumontcostales.com
                                             Matthew G. Ball (*pro hac vice*)
*Attorneys for Plaintiff Lenora Rice*        **K&L GATES LLP**
                                             4 Embarcadero Center, Suite 1200
                                             San Francisco, California 94111
                                             Telephone: (415) 882-8200
                                             Facsimile: (415) 882-8220
                                             E-mail: matthew.ball@klgates.com

                                             April Boyer (*pro hac vice*)
                                             **K&L GATES LLP**
                                             Southeast Financial Center, Suite 3900
                                             200 South Biscayne Boulevard
                                             Miami, Florida 33131
                                             Telephone: (305) 539-3300
                                             Facsimile: (305) 358-7095
                                             E-mail: april.boyer@klgates.com

                                             Glenn J. Waldman (*pro hac vice*)
                                             Eric C. Edison (*pro hac vice*)
                                             **WALDMAN TRIGOBOFF**
                                             **HILDEBRANDT & CALNAN, P.A.**
                                             100 N.E. Third Avenue, Suite 780

Fort Lauderdale, Florida 33301
Telephone: (954) 467-8600
E-mail: gwaldman@waldmanlawfirm.com
        eedison@waldmanlawfirm.com

*Attorneys for National Beverage Corp.*

## **CERTIFICATE OF SERVICE**

This is to certify that on January 23, 2020, the foregoing was filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

William H. Beaumont
Roberto L. Costales
Jonathan M. Kirkland
BEAUMONT COSTALES LLC
107 West Van Buren, #209
Chicago, Illinois 60605
Telephone: (773) 831-8000

*Attorneys for Plaintiff*

/s/     *Desiree F. Moore*
Desiree F. Moore